JAMES FUNCK, and others, plaintiffs in error, vs. JEAN JACQUES MERIAN and others, defendants in error.—*Judgment affirmed.* This was a cause submitted upon printed arguments and points. M. R. ZABRISKIE, for plaintiffs in error; WM. W. VAN WAGENEN, for defendants in error. It was a suit brought by Funck and others against Merian & Benard, in the Superior Court of New York, to recover the freight and primage on two bills of lading. The plaintiffs were master and owners of the vessel, and the defendants were the consignees of the goods. · The voyage was from Havre-de-Grace, in France, to New York. The first bill was Nov. 4th, 1839, for 9 packages of willow baskets. The second, March 19, 1840, for ten packages of willow baskets. It was admitted on the trial, that the whole 19 bales were, at different dates, received from the ship into the public store, on a general order to discharge the ship, and were delivered therefrom to a firm in New York—Mainon & Bonnay. The bills of lading consigned the goods to the defendants *or their order;* and after part of the goods were received into the public store, the defendants endorsed over the bills of lading as follows: "Deliver the within to Messrs. Mainon & Bonnay." At the request of the defendants, the plaintiffs made out their bills for freight against Mainon & Bonnay, who, as appeared from the testimony, were the owners of the goods, and frequently promised the plaintiffs payment, until their failure.

It was insisted by the plaintiffs that the goods were delivered into public store on general order to discharge the ship; such order was compulsory upon the plaintiffs, and delivery under it to the government, after the bill of freight had been rendered, and without notice that defendants were not responsible for the freight, was *a delivery to defendants,* especially, as the bills were not endorsed over until a part of the goods had been for some time in the public store. That the defendants could not be discharged from their liability unless by an express contract entered into.

It appeared that the Superior Court took this view of the case for the purposes of this trial, although they held that the law of the case would be reserved for ulterior consideration; and, under the charge of the court, the jury found a verdict for the plaintiffs for the whole amount.

The Supreme Court reversed the judgment of the Superior Court, and held, that it was well settled, that when goods by the terms of the bill of lading were to be delivered to the *consignee or to his order,* on payment of freight; the party *receiving,* whether consignee, assignee or endorsee, to whom the bill of lading had been endorsed by the consignor, made himself responsible for the payment of the freight. The law in such a case implied a promise on his part to pay. (Reported, 4 Denio, 110.)